IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) )  ) |
| v. | ) Criminal Action No. 08-11-GMS )  ) |
| TYE ANDERSON, | ) )  ) |
| Defendant. | ) |

### MEMORANDUM OF PLEA AGREEMENT

Pursuant to discussions between the United States of America, by and through its attorneys, Colm F. Connolly, United States Attorney for the District of Delaware, and Robert F. Kravetz, Assistant United States Attorney, and the defendant, Tye Anderson, by and through his attorney, Larrick K. Stapleton, Esquire, the following agreement is hereby entered into by the respective parties:

1. The defendant agrees to plead guilty in the United States District Court for the District of Delaware to Count I of the Indictment. Count I charges the defendant with conspiracy to distribute, and to possess with the intent to distribute, a mixture and substance containing a detectable amount of heroin, a Schedule I narcotic controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C). The maximum penalties for Count I are ~~thirty~~ 20 years imprisonment; a $~~2~~1,000,000 fine; a term of supervised release of at least ~~six~~ three years up to a life term of supervised release; and a $100.00 special assessment.


RFK
LS -TA

2. The defendant understands that if there were a trial, the United States would have to prove beyond a reasonable doubt the elements of the offenses to which he is pleading guilty, that is: (1) that two or more persons, directly or indirectly, reached an agreement to distribute or to possess with the intent to distribute heroin; (2) that the defendant knew of the unlawful purpose of

the agreement; and (3) that the defendant joined in the agreement willfully, that is, with the intent to further its unlawful purpose.




3. ~~[redacted]~~

4. In accordance with this Agreement, the defendant admits that from in or around July 2005, and continuing to on or about March 9, 2006, in the State and District of Delaware and elsewhere, the defendant knowingly conspired with other individuals to distribute, and to possess with the intent to distribute, mixtures and substances containing heroin. The defendant agrees that the amount of heroin attributable to him throughout the course of the conspiracy was at least 100 grams but less than 400 grams of heroin.

4. The defendant understands that the District Court must consider the United States Sentencing Guidelines and the factors set forth in Title 18, United States Code, Section 3553(a) in determining an appropriate sentence. At this stage (prior to the preparation of the pre-sentence report and subject to the Government's determinations regarding the defendant's cooperation as set forth in paragraphs 6 and 7), the defendant should expect that the Government will recommend that the Court impose a sentence consistent with the sentencing range set forth by the sentencing guidelines. The defendant understands, however, that the ultimate determination of an appropriate sentence will be up to the sentencing judge. The Court may impose a sentence which exceeds, falls below, or is contained within the sentencing range prescribed by the sentencing guidelines. The defendant expressly acknowledges that if the Court imposes a sentence outside the range set forth in the sentencing guidelines, or otherwise different than the defendant

expected, or contrary to the recommendation of his attorney or the United States, the defendant will not be allowed to withdraw his guilty plea on that basis.

5. Provided that the United States does not learn after the entry of the defendant's guilty plea of conduct by the defendant that is inconsistent with acceptance of responsibility, the United States agrees to recommend a three-level reduction in the defendant's sentencing guideline range pursuant to U.S.S.G. § 3E1.1.

6. The defendant agrees to cooperate fully and truthfully with the Government as follows:

    a. The defendant agrees to provide truthful, complete and accurate information and testimony. The defendant understands that if he testifies untruthfully in any material way he can be prosecuted for perjury.

    b. The defendant agrees to provide all information concerning his knowledge of, and participation in, the subject matter of the Indictment of which he has knowledge, and any other crimes about which he has knowledge. The defendant further understands and agrees that all information and cooperation provided pursuant to this agreement is on the record as of the date of this plea agreement, including information provided previously off the record.

    c. The defendant agrees that he will not falsely implicate any person or entity and he will not protect any person or entity through false information or omission.

    d. The defendant agrees to testify truthfully at any Grand Jury, hearing, or trial when called as a witness.

    e. The defendant agrees to hold himself reasonably available for any interviews as the Government may require.

    f. The defendant agrees to provide all documents or other items under his control or which may come under his control which may pertain to any crime.

    g. The defendant understands that his cooperation shall be provided to any law

enforcement agency as requested by counsel for the Government.

  h. To enable the Court to have the benefit of all relevant sentencing Indictment, the defendant waives any rights to a prompt sentencing, and will request that sentencing be postponed until his cooperation is complete.

  i. The defendant agrees and understands that this agreement requires that his cooperation may continue even after the time that the defendant is sentenced.

  j. The defendant agrees that if the Government determines that the defendant has not provided full and truthful cooperation, or has committed any federal, state, or local crime, between the date of this agreement and his sentencing, or has otherwise violated any other provision of this agreement, the agreement may be voided by the Government and the defendant shall be subject to prosecution for any federal crime which the Government has knowledge including, but not limited to, perjury, obstruction of justice, and the substantive offenses arising from this investigation. The prosecution may be based on any information provided by the defendant during the course of his cooperation, and this information may be used as evidence against him. Moreover, the defendant's previously entered guilty plea will stand and cannot be withdrawn by him.

7. If the Government in its sole discretion determines that the defendant has fulfilled his obligations of cooperation as set forth above, at the time of sentencing, the Government will:

  a. Make the nature and extent of the defendant's cooperation known to the Court.

  b. Make a motion for a downward departure under Sentencing Guideline §5K1.1 and/or 18 U.S.C. §3553(e), only if the Government, in its sole discretion, determines that the Defendant has provided substantial and truthful assistance in the investigation or prosecution of another person who has committed an offense. The Defendant understands that as of the date of this agreement, no determination has been made as to the Defendant's eligibility for a substantial assistance motion. The Defendant further understands that the

4

Government in its sole discretion will decide whether and how to investigate any information provided by him. The Defendant further understands that if he breaches this plea agreement in any way, including by committing a new crime after the date of this agreement, the Government may refuse to file a substantial assistance motion, or may withdraw a substantial assistance motion filed previously.

    c.    Make whatever sentencing recommendation the Government deems appropriate.

8.    The Defendant's rights under this agreement shall in no way be dependent upon or affected by the outcome of any case in which he may testify.

9.    The Defendant understands that if his statements made to the Government before the date of this agreement are untruthful in any material way this agreement is violated and becomes void.

10.    The defendant agrees to pay the $100 special assessment the day of sentencing. Should he fail to do so, the Defendant agrees to enter voluntarily into the United States Bureau of Prisons' administered program known as the Inmate Financial Responsibility Program, through which the Bureau of Prisons will collect a portion of defendant's prison salary and apply it on defendant's behalf to the payment of the outstanding debt ordered.

11.    The defendant knows that he has, and voluntarily waives, the right to file any appeal, any collateral attack, or any other writ or motion after sentencing – including but not limited to, an appeal under 18 U.S.C. § 3742 or a motion under 28 U.S.C. § 2255 – except that the defendant reserves his right to appeal based on a claim: (1) that defendant's sentence exceeded the statutory maximum, (2) that the sentencing judge erroneously departed upwards from the guidelines range, or (3) that his counsel was constitutionally ineffective.

12.    The United States Attorney reserves the right to defend any ruling of the District Court should there be an appeal from this case.

13. It is further agreed by the undersigned parties that this Memorandum supersedes all prior promises, representations, and statements of the parties; that this Memorandum may be modified only in a written document signed by all the parties; and, that any and all promises, representations, and statements made prior to or after this Memorandum are null and void and have no effect whatsoever.

COLM F. CONNOLLY
United States Attorney

_____        By: _____
Larrick K. Stapleton, Esquire              Robert F. Kravetz
Attorney for the Defendant                 Assistant United States Attorney

_____
Tye Anderson, Defendant

Dated: June 23, 2008

AND NOW, this 1st day of July 2008, the foregoing Memorandum of Plea Agreement is hereby (accepted) ~~(rejected)~~ by this Court.

_____
Hon. Gregory M. Sleet
Chief United States District Judge



FILED
JUL - 1 2008
U.S. DISTRICT COURT
DISTRICT OF DELAWARE